FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GULNORA TALIPDZHANOVA,

                 Plaintiff,                Case No. 12-CV-

              v.

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT
and POLICE OFFICER ALFREDO P. WELLS,

             Defendants.

------------------------------------------------------------------X

**CV 12 - 1015**

**JURY TRIAL DEMANDED**

**COGAN, J.**

## COMPLAINT

Plaintiff GULNORA TALIPDZHANOVA, by her attorneys, O'ROURKE & DEGEN,

PLLC, as and for her complaint, alleges as follows:

### INTRODUCTION

1.       After Plaintiff swiped two MetroCards for herself and her sister, they proceeded

through the turnstile gate with their infant nephew and with the MetroCards still in Plaintiff's

hand. On the other side of the turnstile, Police Officer Alfredo P. Wells of the Police Department

of the City of New York placed Plaintiff under arrest, slapped a pair of handcuffs on her, and

dragged her to the police precinct. Later, she learned that she had been arrested for entering the

subway without paying. Instead of releasing her or issuing a summons, he denied her food and

water, would not permit her to make a telephone call to her family, photographed and

fingerprinted her, and placed her in a prison cell. She was detained in foul smelling jail cells

which lacked the basic amenities, until she was released some time before noon on the following

day. At the next court appearance, all charges were dismissed.

### JURISDICTION AND VENUE

2.       This action is brought under 42 U.S.C. §§ 1983 and 1988.

3.       This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1343.

4.     This Court has supplemental jurisdiction of the state and common law claims asserted herein under the doctrine of pendent jurisdiction and pursuant to 28 U.S.C. § 1367, because the claims form part of the same case or controversy over which this Court has original subject matter jurisdiction.

5.     Venue in the Eastern District of New York is based upon 28 U.S.C. § 1391(b).

## PARTIES

6.     Plaintiff Gulnora Talipdzhanova is a resident of the County of Kings, City and State of New York.

7.     Plaintiff is enrolled as a second-year law student at New York Law School.

8.     Defendant The City of New York ("NYC") is a municipal corporation duly organized and existing by virtue of the laws of the State of New York with principal offices located in the City, County and State of New York.

9.     Defendant New York City Police Department ("NYPD") is a municipal law enforcement agency and a Department of NYC with principal offices located in the City, County and State of New York.

10.     Upon information and belief, Defendant Police Officer Alfredo P. Wells ("Wells") is a Police Officer employed by NYC and NYPD.

## THE ARREST

11.     On June 8, 2011 at approximately 1:00 P.M., Plaintiff entered the Coney Island Stillwell Avenue subway station of the City of New York with her teenage sister and infant nephew.

12.     Plaintiff proceeded to the gate which had a MetroCard machine in front of it and inserted her MetroCard. After it popped up, she inserted a second MetroCard to pay for her sister's fare. It, too, popped up.

13.     The gate opened and Plaintiff, her sister and her nephew proceeded through it. On the other side, Plaintiff was stopped by Police Officer Alfredo P. Wells.

14.     Wells placed Plaintiff under arrest, slapped a pair of handcuffs on her, and dragged her to the police precinct.  He refused to loosen the handcuffs, which were cutting into Plaintiff's wrists, and he roughly grabbed her arm.

## THE PRECINCT

15.     In the precinct, Wells and other police officers verbally abused and threatened Plaintiff.

16.     When Plaintiff asked a female police officer to please make sure that the baby is all right, she asked: "Where the fuck is your husband?"  Plaintiff responded, "No, this is my nephew, not my son."  The female police officer then told her, "Oh, then you are lying to the police," and made a motion to write down the information.  Through her tears, Plaintiff tried to explain that she was not a liar, but was a person of integrity and a law student.  The police officers laughed and a third police officer said, "Oh, if you're a law student, you wouldn't pull this kind of shit, you would know getter than to pull this kind of shit."

17.     Wells told Plaintiff that for crying at the police station, she would also be charged with disorderly conduct.  He also warned her that she would be spending the night in jail and then would be taken to Rikers Island.

18.     Plaintiff had given the bag with her identification in it to her sister at the time of her arrest.  When she asked Wells if her father could bring it to the precinct, he said, "No, he cannot."

19.     Later, members of Plaintiff's family came to the police station with her identification.  Wells refused to let them see Plaintiff.

20.     Plaintiff was denied food and water, not permitted to make a telephone call to her family until several hours after her arrest, photographed, fingerprinted, and placed in a prison cell.

21.     Over the course of about eight hours, Wells returned to the holding cell numerous times and cursed at Plaintiff, apparently upset that he was having problems with the paperwork.

3

22.     Upon noticing the injuries to Plaintiff's arms, Wells told her that she could go to the hospital, but that then she would spend an extra two days in jail.

## CENTRAL BOOKING

23.     Later, Plaintiff was taken to Central Booking and with other prisoners paraded by hundreds of yelling male prisoners, who grabbed at Plaintiff and the other women. Again, Plaintiff was photographed and searched.

24.     Then Plaintiff was placed in a tiny jail cell with 18 other women and one urinal. For several hours, she was forced to endure the stench of the cell, see a woman next to her inject heroin between her toes, and witness another woman snort cocaine with a 20-dollar bill. Water bugs and mice ruled the cell. She and the other prisoners were served stale peanut butter and jelly sandwiches and rotten milk.

25.     Plaintiff was detained until her arraignment some time before noon the next day.

## DISMISSAL OF THE CHARGES

26.     Plaintiff was required to appear in court on July 11, 2012 to answer charges for theft of services and criminal trespass. The Court granted the prosecutor's motion to dismiss all the charges against her.

## NOTICE OF CLAIM

27.     On August 29, 2011, Plaintiff filed a timely Notice of Claim with the Corporation Counsel of NYC pursuant to New York General Municipal Law § 50(e). More than thirty (30) days have elapsed since the service of the Notice, and adjustment or payment thereof has been refused or neglected.

## DEFENDANTS' BREACHES OF DUTY, RULES AND LAWS

28.     The wrongful acts of Defendants complained of herein were undertaken maliciously and without regard to Plaintiff's constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

29.     Defendants intentionally caused the arrest of Plaintiff, when they knew or should

4

have known that no grounds, nor probable cause, for her arrest existed.

30.    Defendants failed to take into account facts which they knew cleared Plaintiff.

31.    Upon information and belief, NYC and NYPD had prior notice of the malicious propensities of Wells, but failed to properly and adequately train and supervise him in investigative techniques and procedures.

32.    Upon information and belief, NYC and NYPD were aware of an institutionalized practice by its members of the misconduct alleged herein, but failed to correct the abuse of authority and to discourage the unlawful use of authority by Wells by encouraging and ratifying his misconduct by, in part, failing to

A.    properly train, supervise, discipline, and control Wells;

B.    take action with respect to Wells, although NYC and NYPD knew or should have known of his irresponsible and abusive treatment of citizens of the community;

C.    take adequate precautions in the hiring, promotion, and retention of police personnel, including Wells.

33.    Upon information and belief, Defendants knew or should have known that Plaintiff was innocent of all charges and should not have prosecuted her for a criminal act.

**THE INJURIES AND DAMAGES**

34.    As a direct result of the wrongful acts of Defendants, Plaintiff was deprived of her freedom for almost 24 hours, unlawfully detained in custody against her will, subjected to unnecessary health risks, and physically and mentally abused.

35.    For almost 24 hours Plaintiff was deprived of her freedom and her rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States.

36.    In spite of her unblemished prior record and the minor nature of the offense with which Plaintiff was charged, Plaintiff was not issued a desk appearance ticket.

37.    Plaintiff was handcuffed, fingerprinted, photographed and searched against her will by members of NYPD.

5

38.     During her incarceration, Plaintiff was isolated from her family and friends and never informed as to when she would finally see a lawyer and appear before a judge.

39.     For the entire time that Plaintiff was deprived of her freedom, she was denied the basic amenities and was confined in inhumane conditions.

40.     At all times during her unlawful imprisonment, Plaintiff was conscious and aware that she was confined and that she was not allowed to leave.

41.     Plaintiff was required to appear in court and fight baseless charges.

42.     As a result of the acts of Defendants, Plaintiff experienced physical and mental pain and continues to suffer emotional and psychological injuries which are permanent in nature.

43.     Defendants intentionally and recklessly, or with reasonable foreseeability, caused Plaintiff to become nervous, suffer embarrassment, and undergo severe emotional distress and mental anguish.

44.     Plaintiff suffered mental stress, great humiliation, fear of prosecution and imprisonment for crimes which she did not commit, physical illness, great anxiety, fear of being in the subway alone, anxiety at the sight of a police officer, nightmares, and isolation from her family and friends.

45.     For a couple of days she could hardly eat and for two weeks she would suddenly burst into tears without provocation.

46.     She sustained bruises and cuts on her wrists, a huge swelling of her left wrist, black and blue welts on her arms, forearms and upper left arm, a permanent scar on her wrist, and an enlargement of a bump on her wrist.

47.     Upon completion of Law School, in order to get admitted to the bar of the State of New York or some other jurisdiction, Plaintiff will be required to explain the circumstances of her arrest and satisfy the authorities that she was not guilty of any wrongdoing.

### COUNT 1
### (False Arrest and Imprisonment - 42 U.S.C. § 1983)

48.     Plaintiff hereby incorporates by reference paragraphs 1-47 of the complaint.

49.     The arrest, imprisonment and harassment of Plaintiff by Defendants were committed intentionally, maliciously, willfully and recklessly, perpetrated under color of law, done without Plaintiff's consent, and accomplished without privilege, warrant or probable cause.

50.     In committing the wrongful acts complained of herein, Defendants, separately and in concert, willfully, knowingly, purposefully and recklessly and without authorization of law, deprived Plaintiff of her right not to be illegally seized, unlawfully arrested without cause, and illegally detained and imprisoned, as guaranteed by the due process clause of the Fifth and Fourteenth Amendments, as well as the Fourth and Eighth Amendments of the Constitution of the United States, and under 42 U.S.C. § 1983.

51.     In arresting, searching, incarcerating, and harassing Plaintiff, Defendants knew or should have known that they were violating these constitutional rights.

52.     As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

### COUNT 2
### (Excessive Force - 42 U.S.C. § 1983)

53.     Plaintiff hereby incorporates by reference paragraphs 1-52 of the complaint.

54.     The level of force employed by Wells was objectively unreasonable and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

55.     As a direct result of the foregoing wrongful acts of Wells, Plaintiff was subjected to unreasonably excessive force and sustained the damages alleged herein.

### COUNT 3
### (Denial of Due Process - 42 U.S.C. § 1983)

56.     Plaintiff hereby incorporates by reference paragraphs 1-55 of the complaint.

57.     Section 140.20(7) of the New York Criminal Procedure Law states:

> Upon arresting a person, other than a juvenile offender, for any offense without a warrant, a police officer shall, upon the arrested person's request, permit him or her to communicate by telephone provided by the law enforcement facility where the defendant is held to a phone number located in the United States or

Puerto Rico, for the purposes of obtaining counsel and informing a relative or a friend that he or she has been arrested, unless granting the call will compromise an ongoing investigation or the prosecution of the defendant.

58.     Wells repeatedly denied Plaintiff access to a telephone, in spite of her requests that she be permitted to contact her family.

59.     Upon information and belief, neither an ongoing investigation or the prosecution of Plaintiff would have been compromised by allowing her to make a telephone call when she requested the opportunity to get in touch with her family.

60.     The acts of Wells deprived Plaintiff of her due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

61.     As a direct result of the foregoing wrongful acts of Wells, Plaintiff's constitutional rights were violated and she sustained the damages alleged herein.

## COUNT 4
### (*Monell* Liability - 42 U.S.C. § 1983)

62.     Plaintiff hereby incorporates by reference paragraphs 1-61 of the complaint.

63.     All of the acts and omissions by Wells were carried out pursuant to overlapping policies and practices of NYC and NYPD, which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation of NYC and NYPD.

64.     The aforesaid customs, practices, procedures and rules of NYC and NYPD include, but are not limited to, the following unconstitutional practices:

A.     failure to adequately supervise, train, instruct and discipline officers concerning the permissible limits to the use of force against civilians;

B.     failure to adequately supervise, train, instruct and discipline officers concerning their obligations under Section 140.20(7) of the New York Criminal Procedure Law; and

C.     failure to intervene to prevent the above-mentioned practices when they could have been prevented by a supervisor or their agent or employee of NYC or NYPD.

8

65.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct.

66.     All of the foregoing acts deprived Plaintiff of federally protected rights, including, but not limited to, the rights enumerated herein.

67.     Defendants NYC and NYPD knew or should have known that the acts alleged herein deprived Plaintiff of her rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

68.     As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

### COUNT 5
### (Inhumane Confinement - 42 U.S.C. § 1983)

69.     Plaintiff hereby incorporates by reference paragraphs 1-68 of the complaint.

70.     In arresting and confining Plaintiff in an inhumane environment, Defendants, separately and in concert, acted willfully, knowingly, purposefully and recklessly, deprived Plaintiff of her rights under the due process clause of the Fifth and Fourteenth Amendments, as well as the Eighth Amendment, of the Constitution of the United States, and under 42 U.S.C. § 1983.

71.     In subjecting Plaintiff to inhumane conditions, Defendants knew or should have known that they were violating these constitutional rights.

72.     As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

### COUNT 6
### (Speedy Arraignment - 42 U.S.C. § 1983)

73.     Plaintiff hereby incorporates by reference paragraphs 1-72 of the complaint.

74.     In detaining Plaintiff for almost 24 hours without bringing her before a judge to be arraigned, Defendants, separately and in concert acted willfully, knowingly, purposefully and recklessly, without authorization of law, deprived Plaintiff of her right to freedom from illegal

detention and imprisonment, as secured to Plaintiff by the due process clause of the Fifth and Fourteenth Amendments, as well as the Eighth Amendment, of the Constitution of the United States, and by 42 U.S.C. § 1983.

75.     In failing to bring Plaintiff before a judge for almost 24 hours, Defendants knew or should have known that they were violating these constitutional rights.

76.     Defendants knew that they could have issued Plaintiff a desk appearance ticket but maliciously refused to do so.

77.     Defendants abused their discretion by refusing to issue a desk appearance ticket to Plaintiff.

78.     As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

### COUNT 7
### (Malicious Prosecution - 42 U.S.C. § 1983)

79.     Plaintiff hereby incorporates by reference paragraphs 1-78 of the complaint.

80.     In instituting criminal proceedings and requiring Plaintiff to appear in court and to resist baseless charges, Defendants, separately and in concert, acted willfully, knowingly, purposefully, and maliciously, with the specific intent to deprive Plaintiff of her rights under the due process clause of the Fifth and Fourteenth Amendments, as well as the Eighth Amendment, of the Constitution of the United States, and under 42 U.S.C. § 1983.

81.     As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

### COUNT 8
### (Violations of the Constitution of the State of New York)

82.     Plaintiff hereby incorporates by reference paragraphs 1-81 of the complaint.

83.     Defendants breached the protection guaranteed to Plaintiff by the New York State Constitution, Article I, §§ 6, 11 and 12, including, but not limited to, the right to be free from the use of excessive force, free from the denial of equal protection under the law, free from the

denial of due process, and free from having police officers fail to intervene to prevent the deprivation of these rights at a time when they reasonably could have done so.

84.    As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

## COUNT 9
### (Common Law False Arrest and Unlawful Imprisonment)

85.    Plaintiff hereby incorporates by reference paragraphs 1-84 of the complaint.

86.    The acts complained of herein constitute false arrest and unlawful imprisonment under the laws of the State of New York.

87.    As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

## COUNT 10
### (Common Law Inhumane Confinement)

88.    Plaintiff hereby incorporates by reference paragraphs 1-87 of the complaint.

89.    The acts complained of herein constitute inhumane confinement under the laws of the State of New York.

90.    As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

## COUNT 11
### (Common Law Malicious Prosecution)

91.    Plaintiff hereby incorporates by reference paragraphs 1-90 of the complaint.

92.    The acts complained of herein constitute malicious prosecution under the laws of the State of New York.

93.    As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

## COUNT 12
### (Common Law Assault and Battery)

94.    Plaintiff hereby incorporates by reference paragraphs 1-93 of the complaint.

95. The acts complained of herein constitute assault and battery under the laws of the State of New York.

96. As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

## COUNT 13
### (Common Law Intentional Infliction of Emotional Distress)

97. Plaintiff hereby incorporates by reference paragraphs 1-96 of the complaint.

98. The acts complained of herein constitute the intentional infliction of emotional distress under the laws of the State of New York.

99. As a direct result of the foregoing wrongful acts of Defendants, Plaintiff sustained the damages alleged herein.

## JURY TRIAL DEMANDED

100. Plaintiff demands a trial by jury of each one of her claims.

WHEREFORE, Plaintiff requests that this Court grant her the following relief, jointly and severally, against all Defendants:

A. compensatory damages for the violation of her constitutional rights, pain, suffering, mental anguish and humiliation;

B. punitive damages;

C. reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and the costs and disbursements of this action;

D. trial by jury of Plaintiff's claims; and

E. such other and further relief as appears just and proper.

12

Dated: New York, New York

    March 1, 2012

                            Respectfully submitted,

                            **RONALD D. DEGEN**
                            O'ROURKE & DEGEN, PLLC
                            Attorneys for Plaintiff
                            225 Broadway, Suite 715
                            New York, New York 10007
                            Tel:  (212) 227-4530
                            Fax:    (212) 385-9813
                            E-mail:  rdegen@odlegal.com